MARK L. MILLER, SBN: 171394
LARISSA L. LAZARUS, SBN: 250293
LAW OFFICES OF MARK L. MILLER
2341 Jefferson Street, Ste. 100
San Diego, CA  92110
Phone:         (619) 574-0551
Email:  larissa@millerlegalcenter.com

Attorneys for Plaintiff,
THEODORE JOHN WATERSTRADT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE JOHN WATERSTRADT,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPLE MERCHANTS LEASING, LTD;<br>DSD3 MAGIC MILE, LLC; DIANA<br>PITOVAOMANAIA MOORE; MAGGIE<br>HOLLAND; DENNIS HOLLAND; AND DOES<br>1 TO 100, INCLUSIVE,<br><br>Defendants. | Case No.: **'24CV0254 WQHBLM**<br><br>**COMPLAINT FOR PERSONAL INJURY DAMAGES BASED UPON MOTOR VEHICLE AND NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Plaintiff THEODORE JOHN WATERSTRADT for causes of action against DEFENDANTS, and each of them, complains and alleges upon the information and belief as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 28 U.S.C. Section 1332, because at least one of the DEFENDANTS is a citizen of another state or nation and the amount at stake is more than $75,000.

1

2. Venue is proper in the Southern District of California because Plaintiff THEODORE JOHN WATERSTRADT is a resident of San Diego, in the County of California, State of California where he was injured.

3. Actions alleged occurred in the County of San Diego, in the City of San Diego, State of California.

**PARTIES**

4. Plaintiff THEODORE JOHN WATERSTRADT, at all times mentioned was, a resident of the County of San Diego, State of California.

5. Defendant PRINCIPLE MERCHANTS LEASING, LTD, is a New Hampshire corporation, doing business in the State of California and is, upon information and belief, the principal owner, lender, servicer, agent, employee, officer, member, director, heir, successor, assignee, principal, trustee, surety, agent, representative, and insurer of information.

6. For purposes of this Complaint, unless otherwise indicated, "Defendant PRINCIPLE MERCHANTS LEASING, LTD" includes the above referenced all entities, attorneys, agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, agents, representatives, and insurers of Defendant PRINCIPLE MERCHANTS LEASING, LTD. and each of them herein. At all times mentioned herein, Defendants PRINCIPLE MERCHANTS LEASING, LTD, were and are acting as each others' agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, agents, representatives, and insurers.

7. Upon information and belief, Defendant DSD3 MAGIC MILE, LLC, is a Limited Liability Corporation, doing business in the State of California and is, upon information and belief, the principal owner, lender, servicer, agent, employee, officer, member, director, heir,

2

successor, assignee, principal, trustee, surety, agent, representative, and insurer of information.

8. For purposes of this Complaint, unless otherwise indicated, "Defendant DSD3 MAGIC MILE, LLC" includes the above referenced all entities, attorneys, agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, agents, representatives, and insurers of Defendant DSD3 MAGIC MILE, LLC and each of them herein. At all times mentioned herein, Defendants DSD3 MAGIC MILE, LLC, were and are acting as each others' agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, agents, representatives, and insurers.

9. Upon information and belief, Defendant DIANA PITOVAOMANAIA MOORE, was working in the County of San Diego, State of California. At the time of the subject incident giving rise to this complaint, upon information and belief, Defendant DIANA PITOVAOMANAIA MOORE was an employee, agent, contractor, officer, member, director, heir, successor, assignee, principal, trustee and/or representative of the other DEFENDANTS.

10. For purposes of this Complaint, unless otherwise indicated, "Defendant DIANA PITOVAOMANAIA MOORE" includes her entities, attorneys, agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, agents, representatives, and insurers of Defendant DIANA PITOVAOMANAIA MOORE and each of them herein. At all times mentioned herein, Defendant DIANA PITOVAOMANAIA MOORE was and is acting as the agent, employee, officer, member, director, heir, successor, assignee, principal, trustee, surety, agent, representative, and/or insurer.

11. Upon information and belief, Defendant MAGGIE HOLLAND, was working and/or doing business in the County of San Diego, State of California. At the time of the subject incident giving rise to this complaint, upon information and belief, Defendant MAGGIE

HOLLAND was an employee, agent, contractor, officer, member, director, heir, successor, assignee, principal, trustee and/or representative of the other DEFENDANTS.

12. For purposes of this Complaint, unless otherwise indicated, "Defendant MAGGIE HOLLAND" includes her entities, attorneys, agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, agents, representatives, and insurers of Defendant MAGGIE HOLLAND and each of them herein. At all times mentioned herein, Defendant MAGGIE HOLLAND was and is acting as the agent, employee, officer, member, director, heir, successor, assignee, principal, trustee, surety, agent, representative, and/or insurer.

13. Upon information and belief, Defendant MAGGIE HOLLAND, was working and/or doing business in the County of San Diego, State of California. At the time of the subject incident giving rise to this complaint, upon information and belief, Defendant MAGGIE HOLLAND was an employee, agent, contractor, officer, member, director, heir, successor, assignee, principal, trustee and/or representative of the other DEFENDANTS.

14. For purposes of this Complaint, unless otherwise indicated, "Defendant DENNIS HOLLAND" includes her entities, attorneys, agents, employees, officers, members, directors, heirs, successors, assignees, principals, trustees, sureties, agents, representatives, and insurers of Defendant DENNIS HOLLAND and each of them herein. At all times mentioned herein, Defendant DENNIS HOLLAND was and is acting as the agent, employee, officer, member, director, heir, successor, assignee, principal, trustee, surety, agent, representative, and/or insurer.

15. Plaintiff is ignorant of the trust names and capacities of the defendants sued herein DOES 1 to 100, inclusive, and therefore sues these defendants by such fictitious names. Wherever in this Complaint it refers to "DEFENDANTS", such reference includes each

expressly named DEFENDANT and all DOE Defendants. Plaintiff will seek leave of this Court to amend this Complaint to set forth the true names of the fictitiously named Defendants when their true identities become known. Plaintiffs are informed and believe, and based thereon, allege that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were caused by the negligence.

16. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, each of the defendants was the agent and employee of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## GENERAL ALLEGATIONS

17. Plaintiff incorporates by reference each and every paragraph and allegation set forth above and incorporates the same as though fully set forth herein.

18. On the evening of February 07, 2022, Plaintiff THEODORE JOHN WATERSTRADT (hereinafter "PLAINTIFF"), was walking to his residence located in Poway, California, in the County of San Diego.

19. At the same time, Defendant DIANA PITOVAOMANAIA MOORE (hereinafter "DEFENDANT MOORE"), was driving a commercial van owned, operated, maintained, managed, controlled, leased and/or rented by DEFENDANTS.

20. Upon information and belief, at all times referenced herein, DEFENDANT MOORE was an employee of DEFENDANTS. DEFENDANT MOORE was delivering Amazon packages for and on behalf of DEFENDANTS pursuant to her employment with DEFENDANTS.

5

21. PLAINTIFF was walking in the designated crossing area of the intersection of Catarina Lane and Creekview Drive.  At the same time, DEFENDANT MOORE was driving DEFENDANTS' Van.

22. DEFENDANT MOORE failed to yield at the designated stop sign at the intersection of Catarina Lane and Creekview Drive and permitted the Van to strike PLAINTIFF.

23. PLAINTIFF was seriously injured in his health and strength and suffered emotionally as a result of being hit with DEFENDANTS' Van.

24. DEFENDANT MOORE breached her duty to PLAINTIFF by using, operating, leasing, renting, and/or driving the Van in a manner so as to cause injury to PLAINTIFF.

25. DEFENDANTS hired and employed DEFENDANT MOORE. DEFENDANTS knew, or should have known, that DEFENDANT MOORE was unfit and/or incompetent to perform the work for which she was hired.

26. DEFENDANTS knew, or should have known, that DEFENDANT MOORE'S unfitness and/or incompetence created a particular risk to others.

27. DEFENDANT MOORE's unfitness and/or incompetence harmed PLAINTIFF.

28. As a result of DEFENDANTS' negligence in hiring, supervising, training and/or retaining DEFENDANT MOORE was a substantial factor in causing PLAINTIFF's harm. DEFENDANT MOORE owed a duty to PLAINTIFF to own, operate, maintain, manage, control, lease and/or rent said vehicle in a manner so as not to cause harm to PLAINTIFF.

### FIRST CAUSE OF ACTION-MOTOR VEHICLE

### (Against all DEFENDANTS and DOES 1 TO 100, INCLUSIVE)

29. PLAINTIFF incorporates by reference each and every allegation as though fully set forth herein.

30. DEFENDANTS operated a motor vehicle.

6

31. DEFENDANTS employed the person(s) who operated the Van, a motor vehicle, in the course of their employment.

32. DEFENDANTS owned the Van, a motor vehicle, which was operated by DEFENDANT MOORE with DEFENDANTS' permission, direction, authority, management, and control.

33. DEFENDANTS entrusted the Van, a motor vehicle, to DEFENDANT MOORE.

34. DEFENDANT MOORE and DEFENDANTS were the agents and employees of the other defendants.  DEFENDANT MOORE and DEFENDANTS acted within the scope of their agency.

35. DEFENDANTS are liable to PLAINTIFF for the damages PLAINTIFF suffered as a result of the DEFENDANTS conduct.

36. As a result of said injuries, PLAINTIFF suffered and continues to suffer general damages and special damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION-NEGLIGENCE**

**(Against all DEFENDANTS and DOES 1 TO 100, INCLUSIVE)**

37. PLAINTIFF incorporates by reference each and every allegation as though fully set forth herein.

38. DEFENDANTS owned, operated, maintained, managed, controlled, leased and/or rented the Van driven, operated, leased and/or rented by DEFENDANTS.

39. DEFENDANTS owed a duty to PLAINTIFF to own, operate, maintain, manage, control, lease and/or rent said Van in a manner so as not to cause harm to PLAINTIFF.

40. DEFENDANT MOORE'S incompetence, incapability, unfitness and/or negligence in driving DEFENDANTS Van caused injury to PLAINTIFF.

41. DEFENDANTS breached their duty to PLAINTIFF by using, operating, leasing, renting, and/or driving the VAN in a manner so as to cause injury to PLAINTIFF.

42. As a result of said injuries, PLAINTIFF suffered and continues to suffer general damages and special damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS as follows:

a.  For special damages including but not limited to medical expenses, loss of income, property damage;

b.  Damages for emotional distress;

c.  Special Damages;

d.  General Damages;

e.  Economic Damages;

f.  Non-Economic Damages; and

g.  For such other and further relief as the Court deems just and proper.

Dated:        February 7, 2024              LAW OFFICES OF MARK L. MILLER

/S/ LARISSA L. LAZARUS

_____
Mark L. Miller, Esq.
Larissa L. Lazarus, Esq.