UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE JOHN WATERSTRADT,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPLE MERCHANTS LEASING, LTD; DSD3 MAGIC MILE, LLC; DIANA PITOVAOMANAIA MOORE; MAGGIE HOLLAND; DENNIS HOLLAND; DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 24-cv-00254-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

On February 7, 2024, Plaintiff Theodore John Waterstradt ("Plaintiff") initiated this action by filing a Complaint. (ECF No. 1.) The Complaint alleges that Defendant Diana Pitovaomanaia Moore struck Plaintiff with a vehicle while Plaintiff was walking through an intersection in Poway, California. The Complaint alleges that Defendant Moore "was an employee of DEFENDANTS" and was "delivering Amazon packages for and on behalf

of DEFENDANTS" when she hit Plaintiff. *Id*. at 5. Plaintiff asserts claims for "motor vehicle" and negligence against Defendants Principle Merchants Leasing, Ltd, DSD3 Magic Mile, LLC, Diana Pitovaomanaia Moore, Maggie Holland, Dennis Holland, and Does 1 to 100, inclusive. The Complaint states that the basis of jurisdiction is diversity because "at least one of the DEFENDANTS is a citizen of another state or nation and the amount at stake is more than $75,000." *Id.* at 1.

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized" by the United States Constitution and federal law. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of establishing the Court's jurisdiction "rests on the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331–32. To invoke federal question jurisdiction, the action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For an action to "arise under" federal law, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). Plaintiff does not allege claims that "arise under" federal law. (*See* ECF No. 1 at 6–8.) This Court's jurisdiction must arise, if at all, from diversity jurisdiction pursuant to 28 U.S.C. § 1332.

To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or] citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a). Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted). For purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "The natural person's state of citizenship is [ ] determined by her state of domicile[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff alleges that he is a resident of California. (ECF No. 1 a 2.) Plaintiff alleges that Defendant Principle Merchants Leasing, Ltd "is a New Hampshire corporation," that Defendant DSD3 Magic Mile, LLC "doe[s] business in the State of California," that Defendant Diana Pitovaomanaia Moore "was working in the County of San Diego, State of California," and that Defendant Maggie Holland "was working and/or doing business in the County of San Diego, State of California." *Id.* at 2–3. Plaintiff does not allege any facts with respect to the citizenship of Defendant Dennis Holland. Plaintiff has not alleged sufficient facts regarding the citizenship of any Defendant. In particular, the Complaint fails to allege the principal place of business of Defendant Principle Merchants Leasing, Ltd, the citizenship of each of the owners/members of DSD3 Magic Mile, LLC, and the state of domicile of Defendants Diana Pitovaomanaia Moore, Maggie Holland, and Dennis Holland.

IT IS HEREBY ORDERED that Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response to this Order within thirty (30) days of the date this Order is filed. If Plaintiff

3

fails to timely demonstrate subject matter jurisdiction, the Court will order that this action be dismissed without prejudice.

Dated:  February 28, 2024

Hon. William Q. Hayes
United States District Court